## Commonwealth ex rel. v. Johnston

*John Kascak*, in propria persona.

*Frank P. Lawley, Jr.* and *Herbert B. Cohen*, for defendants.

NEELY, J., May 2, 1955.—This is a petition for writ of mandamus. We will treat the matter as being before us on plaintiff's complaint in mandamus in accordance with Pa. R. C. P. 1091. Plaintiff prays that we order the Pennsylvania Board of Parole to modify the maximum expiration date of his sentence in the Western State Penitentiary from January 11, 1957, as determined by that board, to January 11, 1955. Defendants have filed a preliminary objection in the nature of a demurrer.

It appears that plaintiff herein entered a plea of guilty to a certain indictment in Allegheny County, the charge laid in that indictment not being set forth in plaintiff's complaint. Pursuant to the guilty plea, plaintiff was sentenced to a term of not less than two and one-half nor more than seven years in the Western State Penitentiary to be computed from March 12, 1946, the minimum sentence to expire on September 12, 1948, and the maximum sentence to expire on March 12, 1953.

It appears that when this sentence was imposed, plaintiff was on parole from the Allegheny County

Workhouse because of his conviction for a previous crime, and, therefore, on August 18, 1949, pursuant to a detainer filed relative to the violation of his parole from the Allegheny County Workhouse, petitioner was transferred from the Western State Penitentiary, Rockview, to the Allegheny County Workhouse as a convicted parole violator. It would seem clear that, while serving his sentence in the workhouse, at most plaintiff must be considered as having been on constructive parole from the Western State Penitentiary.

Plaintiff, as a convicted parole violator, served a period of two years in the workhouse on the sentence for the previous crime. On August 18, 1951, he was discharged from the Allegheny County Workhouse because he had served his time in full on the previous sentence, and immediately upon his discharge the Pennsylvania Board of Parole released him on parole from the Western State Penitentiary. He went to Ohio, was apprehended February 8, 1953, and convicted of a crime in that state, and on July 28, 1953 was recommitted by the Pennsylvania Parole Board to the Western State Penitentiary again as a convicted parole violator.

Plaintiff contends that he served from March 12, 1946, to August 18, 1949, in the Western State Penitentiary; that, in addition to that time, he served two years at the Allegheny County Workhouse because he was a convicted parole violator from that institution; that this time in the workhouse must be considered as running concurrently with his sentence at the Western State Penitentiary; that when he served these two years in the Allegheny County Workhouse there remained only 1 year, 6 months and 24 days to serve in order to satisfy plaintiff's maximum term in the Western State Penitentiary. Therefore, plaintiff contends that when he was recommitted to the Western State Penitentiary because of his conviction in Ohio his

maximum term would expire on January 11, 1955, which was 1 year, 6 months and 24 days after he was taken into custody by the Pennsylvania parole agents on June 19, 1953, because of his Ohio conviction.

The Pennsylvania Parole Board, however, has computed plaintiff's maximum term in the Western State Penitentiary to expire on January 11, 1957. Plaintiff contends that in making this computation the board has failed to give him credit for the two years spent in the Allegheny County Workhouse because the workhouse sentence and his penitentiary sentence during this two year period were running concurrently.

The question then is simply whether or not plaintiff is entitled to a credit of two years on his sentence in the Western State Penitentiary because of the time spent in the Allegheny County Workhouse. Plaintiff, in our judgment, is not entitled to a credit of two years on his penitentiary sentence. Plaintiff's basic contention, that the sentence being served in the workhouse for the first offense ran concurrently for two years with the sentence imposed in the Western State Penitentiary for the second offense, we believe is invalid. These two sentences could not run concurrently in our judgment.

Plaintiff was released on parole after serving his sentence in full in the Allegheny County Workhouse. He had been on constructive parole for a period of two years from the Western State Penitentiary when plaintiff became a convicted parole violator in Ohio. When plaintiff became a parole violator because of the Ohio conviction and was recommitted to the Western State Penitentiary, he was obliged to serve therein not merely 1 year, 6 months and 24 days, but was also obliged to serve in addition thereto the two years during which he had been on constructive parole in the Allegheny County Workhouse. When a person is apprehended as a convicted parole violator and returned

to the institution from which he was paroled, he must serve the balance of the term computed from the date he was placed on parole: section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305.

The parole period in this case then must be computed from the time plaintiff was transferred to the Allegheny County Workhouse under constructive parole. This transfer was made on August 18, 1949, and on that date there was a balance of 3 years, 6 months and 24 days of unexpired time on his sentence to the Western State Penitentiary. Therefore, plaintiff must serve that period of time to be computed from June 19, 1953, when he was taken into custody by the Pennsylvania parole agents. This computation would mean that plaintiff's maximum term will expire on January 11, 1957, as computed by the board. Accordingly, therefore, we enter the following

*Order*

And now, May 2, 1955, the demurrer is sustained, plaintiff's action in mandamus is dismissed and judgment is entered for defendants.